### THE ROANOKE.

(District Court, N. D. California, S. D., First Division. September 11, 1916.)

#### No. 15669.

SHIPPING ☞86(2)—LIABILITY OF VESSELS—COLLISION WITH BEACON.

The destruction of a beacon in the harbor of San Pedro, Cal., by a steamer, *held* due solely to the negligent handling of the vessel.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 356, 357; Dec. Dig. ☞86(2).]

In Admiralty. Suit by the United States against the steamship Roanoke. Decree for libelant.

John W. Preston, U. S. Atty., and Casper A. Ornbaun, Asst. U. S. Atty., both of San Francisco, Cal., for libelant.

Charles H. Sooy and Courtney L. Moore, both of San Francisco, Cal., for respondent.

DOOLING, District Judge. The steamer Roanoke collided with and destroyed a government beacon in San Pedro Harbor on May 7, 1912. I have little difficulty in deciding that the cause of the collision was the negligent handling of the steamer, and that she is responsible for the damage occasioned thereby. It is not so easy to determine from the evidence the amount of such damage. · Practically the only evidence upon this question is that the beacon which was destroyed was built in 1909 at a cost not stated; that it was purchased by the govern-

ment on June 30, 1911, for the sum of $350; and that a new beacon has been erected at a cost to the government of $450, the actual contract price, with some charges for superintendence which bring the total cost up to $502.50. There is some conflicting evidence as to the condition of the piles upon which the destroyed beacon rested; libelant's witnesses testifying that they were sound, and respondent's witnesses testifying that they were badly eaten by teredos. There is some suggestion, too, that the life of a pile in the San Pedro Harbor is three years.

In this state of the record, respondent contends that the court has not sufficient evidence before it to warrant a finding as to the amount of damage sustained by libelant. Libelant contends that a decree should be entered for $502.50, the amount expended by libelant in the erection of a new beacon. But the measure of damage is not the cost of a new beacon, but the reasonable value of the old one at the time that it was destroyed. This value is hard to determine from the evidence submitted. It is certain that libelant has suffered damage to some extent, as the destroyed beacon was serviceable and actually in service. It does not seem just that respondent should escape all liability for the damage caused by it, for the sole reason that in the nature of things the actual money value of the beacon was not and probably could not be testified to. But the beacon, having already been in use for two years, cost libelant $350 a year before its destruction. There is testimony that the piles were sound. A similar beacon has been erected since at the contract price of $450. In this latter structure were some articles of greater cost than in the former one. This excess cost was about $70, so that the cost of a new beacon, like the old, would have been in the neighborhood of $380. Failing evidence to show the amount of deterioration of the old beacon during the year after its purchase by the government, and taking $350, the amount paid therefor, to be a fair value, in the absence of any showing to the contrary, and considering that it would cost by contract about $380 to replace it, I am of the opinion that the value of the beacon at the time of its destruction may be fairly held to be the $350, its original cost to libelant.

A decree will be entered for that amount, without interest, but with costs.

**END OF CASES IN VOL. 235**